ARCHER L. BOLTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104331. Promulgated October 10, 1941.

*Robert A. B. Cook, Esq.*, and *Henry C. Johnson, Esq.*, for the petitioner.

*Martin M. Lore, Esq.*, for the respondent.

324

OPINION.

MURDOCK: The respondent has tried to impeach the testimony of the Boltons in an effort to show that the alleged gift was lacking in *bona fides*. They testified that a gift was made. The respondent does not attack on the ground that any essential element was missing but upon the broad ground that the whole thing was a sham, perpetrated to avoid taxes. The evidence does not support this contention and mere suspicion is not enough. The wife of the petitioner's brother created a similar trust on the same day and the respondent says that both were schemes of the husbands. But each couple was unaware of what the other was doing. The similarity was due wholly to the voluntary activity of an officer of a bank who furnished the forms and suggested the trusts. He knew that the couples were not close and avoided mentioning any affairs of one to the other. The testimony is that the gift was absolute and the trust was a later decision of the wife. The petitioner was not the grantor in any sense of the word and sections 166 and 167 have no application.

The respondent says that the petitioner could use the income of the trust as he saw fit and he had such broad control over the trust as to require the taxation of the income to him under section 22 (a). The petitioner had no right to use any of the income except for the benefit of the sons. He was not a beneficiary. Cases where a grantor "retained" substantial control over a trust are not in point. This petitioner was to manage the trust for the benefit of others who were named and given fixed rights in the trust instrument. He was not given sufficient control to justify taxing the income to him. No authority is cited for taxing the income of a trust to a trustee who was not a grantor, who could not benefit personally from the trust, and who could only manage the trust for named beneficiaries.

*Decision will be entered under Rule 50.*